UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL R. HALLER,
Plaintiff

vs

U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT, et al.,
Defendants

Case No. 1:11-CV-881

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT AND
RECOMMENDATION**

Plaintiff Daniel R. Haller, proceeding pro se, brings this action against the United States Department of Housing and Urban Development and nineteen other defendants alleging, *inter alia*, "a breach . . . caused by a mortgage service provider and an illegal foreclosure action brought by a law firm." (Doc. 1 at 3). Plaintiff seeks to "recover damages properly in regard to securities fraud, breaches of contracts, including federal HUD/FHA obligations and service agreements, and to decide the constitutionality of laws and regulations regarding securities fraud in the housing market, and criminal conduct, and to halt further fraud." (Doc. 1 at 4). This matter is before the Court on plaintiff's ex parte motion for preliminary injunction and motion for search and seizure warrant. (Doc. 8). As best the Court can discern, plaintiff seeks an injunction prohibiting the Hamilton County, Ohio Court of Common Pleas from continuing its proceedings in a state court foreclosure action in which Mr. Haller is the defendant. (Doc. 8 at 4). Plaintiff's motion for a search and seizure warrant appears to seek documents and records related to the state foreclosure action for purposes of obtaining evidence in this federal court action. (Doc. 8 at 5).

In determining whether to issue a preliminary injunction, this Court must balance the

following factors:

    1.    Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

    2.    Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

    3.    Whether an injunction will cause others to suffer substantial harm; and

    4.    Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

This Court finds that plaintiff has not alleged facts sufficient to warrant a preliminary injunction. Plaintiff has made no attempt to apply the above factors to his situation, he has not alleged facts indicating a substantial likelihood of success on the merits of his constitutional or statutory claims, and he has not alleged facts showing that he will suffer irreparable harm absent a preliminary injunction. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any violations of his constitutional or statutory rights.

In addition, this federal court may not enjoin state-court proceedings on the basis of the

allegations set forth by plaintiff in his complaint and motion. *See* 28 U.S.C. § 2283[1]; *see also Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (Anti-Injunction Act is "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act.").

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102 -- would not be served. The present status quo in this case is, according to plaintiff, that he has suffered numerous violations of his constitutional and statutory rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional and statutory deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

Accordingly, it is therefore **RECOMMENDED** that plaintiff's motion for preliminary injunction be **DENIED.**

Plaintiff's motion for a search and seizure warrant must also be denied. Plaintiff is essentially seeking pre-Rule 26(f) conference discovery in this case by way of a criminal law device reserved to federal law enforcement officers and attorneys for the government. *See* Fed. R. Crim. P. 41. The federal rules of civil procedure prohibit a party from seeking discovery from any source before the parties have conferred. Fed. R. Civ. P. 26(d)(1). Although a court may authorize discovery prior to the Rule 26(f) conference of the parties upon a showing of good

---

[1] The Anti-Injunction Act provides, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

cause, plaintiff has made no such showing in this case. *See Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007) (Watson, J.). *See also Qwest Communications Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (and cases cited therein) (party seeking expedited discovery bears the burden of demonstrating good cause). Accordingly, plaintiff's motion for a search and seizure warrant is **DENIED**.

The Clerk of Court is **DIRECTED** to unseal Document 8 on the docket of the Court.

Date: 12/28/11

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL R. HALLER,
Plaintiff

vs

U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT, et al.,
Defendants

Case No. 1:11-CV-881

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ✗ | ☑ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Daniel Haller<br>4221 Sullivan Ave<br>Cinti, OH 45217 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7010 3090 0000 8524 9929 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |