UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel R. Haller

          Plaintiff,

   v.

U.S. Department of Housing and
Urban Development, et al.,

          Defendant

Case No.   1:11-cv-881

## OPINION & ORDER

This matter is before the Court upon the Magistrate Judge's December 28, 2011 Order and Report and Recommendation ("R&R") which recommends that Plaintiff's Motion for Preliminary injunction be denied; Plaintiff's Motion for Search and Seizure be denied; and also orders that the Clerk of Court unseal Document 8 on the docket of this Court.  (Doc. 10.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed objections to the R&R (Docs. 37, 38).

In the R&R, the Magistrate Judge explains that Plaintiff seeks an injunction prohibiting the Hamilton County, Ohio Court of Common Pleas from continuing its proceedings in a state court foreclosure action in which Plaintiff is the defendant.  The

---
[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

1

Magistrate Judge found that a preliminary injunction is not warranted because Plaintiff does not seek to preserve the status quo, but instead seeks an order requiring defendants to affirmatively correct constitutional and statutory deficiencies yet to be proven. Therefore, the Magistrate Judge recommends denying Plaintiff's Motion for Preliminary Injunction.

The Magistrate Judge also recommends denying Plaintiff's request for a search and seizure warrant. The Magistrate Judge explained that Plaintiff is attempting to use a criminal law device to obtain documents and records related to the state foreclosure action to use in this case. The Magistrate Judge explained that Plaintiff is essentially seeking discovery before the Rule 26(f) conference has been held. The Magistrate Judge explained that absent a showing of good cause, expedited discovery is not permitted under the Federal Rules of Civil Procedure.

In his objections, Plaintiff raises a variety of issues. The Court will attempt to focus on the issues which are directly related to the Magistrate Judge's R&R and Order.

As the Magistrate Judge explained, a court must balance four factors when considering a motion for a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012) (citing Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007)).

Plaintiff argues that the strong likelihood of success on the merits "will come with

discovery and expert testimony through trial." (Doc. 38.) The Court finds that the minimal evidence in the record cannot support the issuance of a preliminary injunction. *Accord Samuel v. Herrick Memorial Hosp.*, 201 F.3d 830, 834 (6th Cir. 2000) (finding denial of preliminary injunction proper where "[t]he facts alleged in the complaint are barely adequate to survive a motion to dismiss on the federal discrimination and antitrust claims, although after more discovery it may be possible for plaintiff to adduce further evidence on these claims.").

Plaintiff argues that he will suffer irreparable harm if he is forced to move because of the expense and time associated with moving. Plaintiff explains that his costs are twofold because a mentally ill person lives in his home at times. However, "mere injuries, however substantial in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Babler v. Futhey*, 618 F.3d 514, 523-24 (6th Cir. 2010) (citing Sampson v. Murray, 415 U.S. 61, 90 (1974)).

Therefore, these factors do not weigh in favor of the granting of a preliminary injunction. Moreover, as the Magistrate Judge recognized, the Anti-Injunction Act prohibits a federal court from enjoining state-court proceedings unless the injunction falls within certain exceptions. *See* 28 U.S.C. §2283.

With regards to Plaintiff's Motion for Search and Seizure, the Magistrate Judge explained that this Court has made clear that pre-Rule 26(f) conference discovery requires a showing of good cause. *See Arista Records, LLC v. Does* 1-15, No. 2:07-CV-

450, 2007 WL 5254326, at *3 (S.D. Ohio May 17, 2007). Plaintiff argues that he has shown good cause because once his allegations are known, "the responding party may begin to immediately destroy evidence." However, Plaintiff does not provide any specifics regarding the destruction of evidence, and it appears that the allegations upon which Plaintiff relies will be supported by testamentary evidence or evidence that Plaintiff has already provided the Court.[2]

Based on the foregoing, the Magistrate Judge's R&R (Doc. 10) is **ADOPTED**. It is hereby **ORDERED** that:

1. Plaintiff's Motion for Preliminary Injunction (Doc. 8) is **DENIED**;

2. Plaintiff's Motion for Search and Seizure (Doc. 8) is **DENIED**; and

3. Plaintiff's Motion (Doc. 8) shall remain unsealed.

**IT IS SO ORDERED**.

Date: May 29, 2012

                                                  s/Sandra S. Beckwith
                                                  Sandra S. Beckwith, Senior Judge
                                                  United States District Court

---

[2] Plaintiff alleges there is a conflict of interest created by a law clerk who was employed by both the state court and a law firm representing the banking industry. (See Doc. 8-1, at 3-8.) Plaintiff also alleges that there was an ex-parte meeting which resulted in the state court setting a case scheduling order. (See Doc. 8-1, at 1.)

4