## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DANIEL R. HALLER,
      Plaintiff,

     vs.

U.S. DEPARTMENT OF HOUSING &
URBAN DEVELOPMENT, et al.,
      Defendants.

Case No. 1:11-cv-881

Beckwith, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff Daniel Haller, proceeding pro se, brings this action against a number of governmental, regulatory and private entities under various federal, constitutional and state common law provisions. Plaintiff's claims arise from his unsuccessful efforts to obtain a mortgage loan modification from mortgage providers and funds from certain mortgage relief programs, and his challenge to a successful foreclosure action brought against him in state court. This matter is before the Court on the motions to dismiss filed by defendants United States Commodity Futures Trading Commission (CFTC) (Doc. 61) and United States Department of Housing and Urban Development, Office of the Comptroller of the Currency, Office of Thrift Supervision, Board of Governors of the Federal Reserve System, Consumer Financial Protection Bureau, United States Securities and Exchange Commission, and United States Department of the Treasury ("Federal Defendants"). (Doc. 67). Plaintiff has not filed a response in opposition to defendants' motions. For the reasons stated below, the motions are well-taken and should be granted.

## I. Background

Plaintiff filed the pro se complaint in this action on December 16, 2011, after a decree of foreclosure was entered against him in the Hamilton County Court of Common Pleas. (Doc. 1). Plaintiff brings claims against a number of defendants, alleging deficiencies in the state foreclosure proceedings and challenging the state court's ruling granting summary judgment and a decree of foreclosure against him. (*Id.*). Plaintiff also makes a number of general allegations pertaining to the regulation of housing mortgages and a fraudulent scheme by state and federal authorities, banks and other private entities to deprive homeowners of funding purportedly intended for them. (*Id.*). The Court incorporates by reference the allegations of the complaint that are set forth in a prior Order and Report and Recommendation issued on July 10, 2012, which recommended dismissal of plaintiff's claims against a number of defendants (Doc. 74) and was adopted by Order dated August 3, 2012. (Doc. 75).

## II. Motion to dismiss by defendant CFTC (Doc. 61)

Defendant CFTC brings its motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) for lack of jurisdiction on the ground it has not waived its statutory immunity from suit. (Doc. 61 at 3, citing *United States v. King*, 395 U.S. 1, 4 (1969) (a waiver of immunity by the United States "cannot be implied but must be unequivocally expressed."). Defendant also contends that the district court lacks jurisdiction over plaintiff's complaint against it under the *Rooker-Feldman* doctrine because plaintiff is challenging a state court judgment. (*Id.*, citing *Rooker v. Fidelity Trust Co.*, 263 U.S 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). *See also* Doc. 25, Exh. D (state court judgment adverse to plaintiff).

Defendant also moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendant states that the only reference to it in the complaint is found at page 9, ¶ 38, which is the section of the complaint that identifies each of the parties to the lawsuit.  Paragraph 38 states: "Commodity Futures Trading Commission - Enforcement and Protection against Securities and Commodities fraud.  The agency tried to warn the Regulators as well as the United States."

Defendant CFTC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on the ground it has not waived its immunity from suit is well-taken.  "Jurisdiction over any suit against the [United States] Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *CareToLive v. von Eschenbach*, 525 F. Supp. 2d 938, 950 (S.D. Ohio 2007), *aff'd sub nom., CareToLive v. Eschenbach*, 290 F. App'x 887 (6th Cir. 2008) (citing *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472 (2003)).  The United States may not be sued without its consent, and consent is a prerequisite to jurisdiction. *Id.* (citing *United States v. Mitchell,* 463 U.S. 206, 212 (1983); *Reed v. Reno,* 146 F.3d 392, 398 (6th Cir. 1998) ("The United States can be sued only when it has expressly given its consent to be sued.") (internal quotation marks and citation omitted)).  A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.* (citing *Mitchell,* 463 U.S. at 239; *Reed,* 146 F.3d at 398).  Absent an express waiver of sovereign immunity, the district court lacks jurisdiction over a claim against the United States. *Id.* (citing *Mitchell,* 463 U.S. at 212).  The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *Id.* (citing *Reetz v. United States,* 224 F.3d 794, 795 (6th Cir. 2000)). *Id.* If the plaintiff cannot identify a

3

waiver, his claim must be dismissed for lack of jurisdiction. *Id.* (citing *Reetz*, 224 F.3d at 795).

Plaintiff has not identified a waiver of sovereign immunity by the CFTC for any claim he brings against this federal agency. Accordingly, the complaint against defendant CFTC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.[1]

Dismissal is also warranted pursuant to Fed. R. Civ. P. 12(b)(6) because the complaint fails to "state a claim to relief that is plausible on its face" against defendant CFTC. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While plaintiff's pro so complaint is entitled to a liberal construction (*see Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), plaintiff's single allegation in the complaint pertaining to CFTC cannot logically be construed as asserting a claim against the agency under any statutory or constitutional provision or common law theory of recovery. The complaint against CFTC should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### III. Motion to dismiss by the federal defendants (Doc. 67)

The federal defendants move to dismiss the claims against them without prejudice based on plaintiff's failure to comply with Fed. R. Civ. P. 4(i) and 4(m). Defendants contend that plaintiff did not properly serve the United States as required under Rule 4(i)(1) by delivering a copy of the summons and complaint to the United States attorney for this district or another individual specified in Rule 4(i)(1)(A)(i), or by sending a copy of the summons and complaint by

---

[1] In light of the Court's determination that there is no jurisdiction over plaintiff's claim against defendant CFTC under the doctrine of sovereign immunity, it is not necessary to address CFTC's argument that jurisdiction is

4

registered or certified mail to the civil-process clerk at the United States attorney's office; and (2) by sending a copy of each by registered or certified mail to the United States Attorney General at Washington, D.C., as required by Rule 4(i)(1)(B).  Fed. R. Civ. P. 4(i).  The federal defendants further contend that plaintiff failed to serve them within 120 days after the complaint was filed as required under Fed. R. Civ. P. 4(m).

Absent service of process or waiver of service by the defendant, a court ordinarily may not exercise jurisdiction over a party named as a defendant.  *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999).  The plaintiff "bears the burden of perfecting service of process and showing that proper service was made."  *Sawyer v. Lexington-Fayette Urban County Gov.,* 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996)).  "[T]he requirement of proper service of process 'is not some mindless technicality.'"  *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155 (6th Cir. 1991) (quoting *Del Raine v. Carlson,* 826 F.2d 698, 704 (7th Cir. 1987)).  Moreover, the fact that a defendant may have received actual notice of the filing of the action cannot be a substitute for proper service of process.  *LSJ Investment Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir. 1999); *Friedman,* 929 F.2d at 1155-1156.

The federal defendants named in this lawsuit are various federal agencies.  Fed. R. Civ. P. 4(i) sets forth the requirements for serving a United States agency.  The Rule requires that the party must serve the United States and also send a copy of the summons and complaint to the

---

lacking under the *Rooker-Feldman* doctrine.

United States agency by registered or certified mail. The Rule states:

> (1) *United States.* To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk-or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(m) sets forth the time limit for effectuating service. It states:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A review of the record in this case shows that plaintiff failed to properly serve the United States agencies he names as defendants. There is no indication in the record that plaintiff met the requirements of Rule 4(i)(1) by delivering a copy of the summons and complaint to the United States attorney for this district or another individual specified in Rule 4(i)(1)(A)(i), or by sending a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office, and (2) by sending a copy of each by registered or certified mail to the United States Attorney General at Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A), (B). Nor has plaintiff produced any documentation in response to the motion to dismiss to show that

6

he served the United States. Plaintiff therefore has not carried his burden to show that he has effected service of process on the federal agencies named as defendants in this case. *See Sawyer*, 18 F. App'x at 287 (plaintiff has the burden of perfecting service of process and showing that proper service was made).

Moreover, by failing to serve the United States within 120 days of the filing of the complaint, plaintiff has failed to satisfy the requirements of Rule 4(m) for each of the federal agencies. Fed. R. Civ. P. 4(m). Plaintiff has not attempted to show good cause for his failure to timely effect service of process under Fed. R. Civ. P. 4(m). An extension of time to allow plaintiff to attempt to perfect service is not warranted as plaintiff has made no effort to address the deficiencies in service of process and he has not requested an extension of time to perfect service of process.[2]

For these reasons, the federal defendants' motion to dismiss the complaint against them based on plaintiff's failure to comply with Fed. R. Civ. P. 4(i) and 4(m) is well-taken. The federal defendants' motion to dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(5).

**IV. Plaintiff's claims against defendants Federal Deposit Insurance Corporation (FDIC) and National Credit Union Administration.**

Plaintiff has named two additional federal agencies as defendants in the complaint - FDIC and National Credit Union Administration - but neither defendant has filed an answer nor moved to dismiss the complaint against it. "Generally, a district court may not *sua sponte*

---

[2] While there has been some disagreement among federal courts as to whether Rule 4(m) gives courts discretion to grant an extension in the absence of a showing of good cause, district courts in the Sixth Circuit have recognized that an extension may be warranted under certain circumstances even where a showing of good cause has not been made. *See Electrical Workers Local 58 Pension Trust Fund v. Rite Elec. Co.*, No. 10-cv-11815, 2010 WL 4683883, at *2 (E.D. Mich. Nov. 10, 2010) (collecting cases); *Davis v. Kroger Co., Inc.*, No. 09-cv-789, 2010 WL 2697143 (S.D. Ohio July 6, 2010) (Beckwith, J.).

dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). An exception applies, however, where the plaintiff's complaint consists of allegations that "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). In the case of such meritless allegations, the district court may *sua sponte* dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction without affording the plaintiff the opportunity to amend his complaint. *Id.* "[D]ismissal under Rule 12(b)(1) (as opposed to Rule 12(b)(6)) is appropriate in only the rarest of circumstances where . . . the complaint is deemed totally implausible." *Id.* at 480.

The undersigned recommends that plaintiff's claims against defendants FDIC and National Credit Union Administration be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff mentions each of these defendants only once in the complaint under Section IV, "Parties." (Doc. 1, p. 8). Paragraph 32 states in its entirety: "Federal Deposit Insurance Corporation - fiduciary obligation, failure to protect, failure to make securitized mortgages affordable". Paragraph 34 states the same with respect to the National Credit Union Administration. Plaintiff's allegations as to these federal agencies do not state a plausible claim for relief and are wholly frivolous. Dismissal of the complaint against defendants FDIC and National Credit Union Administration pursuant to Fed. R. Civ. P. 12(b)(1) is therefore warranted. *See Apple*, 183 F.3d at 479.

8

## IT IS THEREFORE RECOMMENDED THAT:

(1)  The motion to dismiss filed by defendant Commodity Futures Trading Commission (Doc. 61) be GRANTED and the claims against this defendant be DISMISSED with prejudice.

(2)  The motion to dismiss filed by defendants United States Department of Housing and Urban Development, Office of the Comptroller of the Currency, Office of Thrift Supervision, Board of Governors of the Federal Reserve System, Consumer Financial Protection Bureau, United States Securities and Exchange Commission, and the United States Department of the Treasury be GRANTED pursuant to Fed. R. Civ. P. 12(b)(5) and the claims against these defendants be DISMISSED without prejudice.

(3)  The claims against defendants FDIC and National Credit Union Administration be DISMISSED.

Date: 1/31/13

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DANIEL R. HALLER,
          Plaintiff,

        vs.

U.S. DEPARTMENT OF HOUSING &
URBAN DEVELOPMENT,
          Defendant.

Civil Action No. 1:11-cv-881
Beckwith, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Daniel Haller
4221 Sullivan Ave.
Cinti, OH 45217

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☑ Agent
☐ Addressee

B. Received by ( *Printed Name*)

C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)            ☐ Yes

2. Article Number
(*Transfer from service label*)

7011 3500 0001 5345 5147

102595-02-M-1540

Form 3811, February 2004          Domestic Return Receipt