# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DANIEL R. HALLER,                 Case No. 1:11-cv-881
    Plaintiff,                          Beckwith, J.
                                                   Litkovitz, M.J.
    vs.

U.S. DEPARTMENT OF HOUSING &        **REPORT AND**
URBAN DEVELOPMENT, et al.,            **RECOMMENDATION**
    Defendants

       Plaintiff Daniel Haller, proceeding pro se, brought this action against a number of governmental, regulatory and private entities under various federal, constitutional and state common law provisions. On March 4, 2013, plaintiff's case was dismissed and judgment was entered against him. (Docs. 82, 83). This matter is before the Court upon plaintiff's post-judgment "motion for restraining order and case considerations." (Doc. 84).

       Plaintiff seeks an injunction to accomplish the following: "Plaintiff is requesting this court to claim jurisdiction and to place a restraining order on any state actions and a restraining order on the Hamilton County Sheriff's Office of any sale of said property." (Doc. 84 at 1).

       In determining whether to issue a preliminary injunction/temporary restraining order, this Court must balance the following factors:

     1.     Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

     2.     Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

     3.     Whether an injunction will cause others to suffer substantial harm; and

     4.     Whether the public interest would be served by a preliminary injunction.

*Overstreet v. Lexington–Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)).  The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief.  *Id.; Leary*, 228 F.3d at 736.  A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it.  *Leary*, 228 F.3d at 739.  "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue."  *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003).

This Court finds that plaintiff has not alleged facts sufficient to warrant a temporary restraining order/preliminary injunction because there is no likelihood of success on the merits of his claims.  First, plaintiff's complaint was dismissed by the Court's Order of March 4, 2013.  (Doc. 82).  Plaintiff did not file an appeal from the Court's final judgment, and the district court is without jurisdiction to grant the relief plaintiff seeks.  Second, as this Court previously found in ruling on plaintiff's first motion for preliminary injunction, this federal court may not enjoin state-court proceedings on the basis of the allegations set forth by plaintiff in his complaint and motion.  *See* 28 U.S.C. § 2283[1]; *see also Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 630 (1977) (Anti–Injunction Act is "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act.").

---

[1] The Anti–Injunction Act provides, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.

It is therefore **RECOMMENDED** that plaintiff's motion for preliminary injunction be **DENIED**.

Date:   11/12/13                                          s/ Karen L. Litkovitz
                                                          Karen L. Litkovitz
                                                          United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| DANIEL R. HALLER,<br>　　Plaintiff, | Case No. 1:11-CV-881<br>Beckwith, J.<br>Litkovitz, M.J. |
| 　　vs. | |
| U.S. DEPARTMENT OF HOUSING &<br>URBAN DEVELOPMENT, et al.,<br>　　Defendants | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).