

United States District Court
Southern District of Ohio
www.ohsd.uscourts.gov

Richard W. Nagel, Clerk of Court

| Potter Stewart U.S. Courthouse | Joseph P. Kinneary U.S. Courthouse | Walter H. Rice Federal Building |
| --- | --- | --- |
| 100 East Fifth Street | 85 Marconi Boulevard | and U.S. Courthouse |
| Cincinnati, OH 45202 | Columbus, OH 43215 | 200 West Second Street |
| 513-564-7500 | 614-719-3000 | Dayton, OH 45402 |
|  |  | 937-512-1400 |

September 30, 2021

Mr. Daniel Haller
4221 Sullivan Avenue
Cincinnati, Ohio 45217

Nicholas Pantel, Esq.
Matthew Horowitz, Esq.
Assistant United States Attorney
Atrium II
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202

Darryl Gormley, Esq.
Reimer, Arnovitz, Chernek & Jeffrey Co., LPA
30455 Solon Road
Solon, Ohio 44139

Erica O'Brien, Esq.
Aaron Bernay, Esq.
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202

Kimberlee Shay Rohr, Esq.
Lerner, Sampson & Rothfuss
120 East Fourth Street
Cincinnati, Ohio 45202

Rick David DeBlasis, Esq.
DeBlaisis Law Firm, LLC
120 East Fourth Street, Suite 319
Cincinnati, Ohio 45202

William J. Cole, Esq.
Ohio Attorney General
Executive Agencies Section
30 East Broad Street
26th Floor
Columbus, Ohio 43215

Aaron D. Epstein, Esq.
Ohio Attorney General's Office
Constitutional Law Section
30 East Broad Street
16th Floor
Columbus, Ohio 43215

Erin Butcher, Esq.
Nelson Reid, Esq.
Bricker & Eckler
100 South Third Street
Columbus, Ohio 43215

Nancy Doyle, Esq.
Commodity Futures Trading Commission
General Counsel's Office
1155 21st Street, N.W.
Washington, D.C. 20581

James Dressman, III, Esq.
Deters Benzinger & LaVelle
207 Thomas More Parkway
Crestview Hills, Kentucky 41017

Dan Makee, Esq.
Erik Walsh, Esq.
McDonald, Hopkins
600 Superior Avenue, Suite 2100
Cleveland, Ohio 441144-2653

    **In re:** *Haller v. Department of Housing and Urban Development, et al.*
       **Case No. 1:11-cv-881**

Dear Mr. Haller and Counsel,

   I have been contacted by Judge Sandra Ammann who presided over the above-mentioned case.

      Judge Ammann informed me that it has been brought to her attention that while she presided over the case, she owned stock in IBM.  Her ownership neither affected nor impacted her decisions in this case.  However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Ammann directed that I notify the parties of the conflict.

      Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties that facts bearing on disqualification as soon as those facts are learned, even though that may occur after the entry of the decision.  The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

      Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge, and it is later learned that the judge was disqualified."

      With Advisory Opinion 71 in mind, you are invited to respond to Judge Amman's disclosure of a conflict in this case.  Should you wish to respond, please submit a response on or before October 15, 2021.  Any response will be considered by another judge of this court without the participation of Judge Ammann.

Sincerely,

Richard W. Nagel
Clerk of Court